IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** on behalf of and for the use of | : No. 1:08-CV-01728 : : **JUDGE SYLVIA H. RAMBO** |
| **SIMPLEXGRINNELL, LP,** | : : |
| Plaintiffs | : |
| v. | : |
| **AEGIS INSURANCE COMPANY, and COLEMAN CONSTRUCTION COMPANY, INC.,** | : : : |
| Defendant | : |

## **M E M O R A N D U M**

Before the court are two motions: (1) Plaintiff SimplexGrinnell, LP's ("SG") motion for default judgment (Doc. 8) and (2) Defendant Coleman Construction Company, Inc.'s ("Coleman") motion to set aside the entry of default. (Doc. 18.)  After the Clerk of Court entered default against Coleman (Doc. 10), but before default judgment was granted, SG filed an amended complaint. (Doc. 13.) Coleman argues that the court must set aside the entry of default because SG filed an amended complaint which rendered the original complaint void and the entry of default moot.  For the reasons set forth below, the motion for default judgment will be denied and the motion to set aside the entry of default will be granted.

**I.      Background**

On September 18, 2008, SG filed the complaint against Coleman for breach of contract and other claims arising from Coleman's failure to compensate SG for work it performed under a construction contract. (Doc. 1.)  On September 26, 2008, SG served Coleman with a summons and complaint. (Doc. 4.)  Coleman failed

to respond to the complaint, and, as a result, on October 22, 2008, SG requested that default be entered against Coleman. (Doc. 9.) On October 27, 2008, the Clerk of Court entered default (Doc. 10), and the court scheduled a hearing for assessment of damages. Before the hearing, on November 10, 2008, SG filed an amended complaint. (Doc. 13.) On November 24, 2008, Coleman filed a motion to set aside the entry of default and requested postponement of the damages hearing. (Doc 18.) On December 4, 2008, Coleman filed its brief in support of its motion. (Doc. 19.) On December 19, 2008, SG filed a brief in opposition to Coleman's motion to set aside the entry of default. (Doc 26.) On January 14, 2009, SG filed a motion for leave to file a supplemental brief in opposition to Coleman's motion to set aside default.[1] (Doc. 28.) Coleman chose not to file a reply brief. The matter is ripe for disposition.

## II.  Discussion

The court will first address SG's motion for default judgment against Coleman before addressing Coleman's motion to set aside the entry of default.

### A.  SG's Motion for Default Judgment

SG moves for default judgment against Coleman pursuant to Fed. R. Civ. P. 55(c) for failure to plead or otherwise defend this action. A judgment by default can have serious adverse effects on the non-responding party and should be avoided where decision on the merits is possible. *Nat'l Book Consolidators, Inc. v. N.L.R.B.*, 672 F.2d 323, 324, 326–327 (3d Cir. 1982); *see also Budget Blinds, Inc. v.*

---

[1] SG filed a motion for leave to file a supplemental brief, arguing that Coleman not only failed to establish a meritorious defense in its brief, but also would not be able to establish a defense as Coleman has already been found liable in arbitration. Although a finding of a meritorious defense is one of the three substantive factors that courts consider when deciding whether to set aside an entry of default, *see Feliciano v. Reliant Tooling Co., Ltd.*, 691 F.2d 653, 656 (3d. Cir. 1982), the court need not reach the issue in this case. Accordingly, this motion will be denied.

*White*, 536 F.3d 244, 258 (3d Cir. 2008); *U.S. v. $55,518.05 in U.S. Currency* , 728 F.2d 192, 194–195 (3d Cir. 1984).

In the instant case, SG filed an amended complaint prior to the resolution of its motion for default judgment.  The law is well-settled that an amended complaint supersedes the original complaint rendering it of no legal effect. *Fuentes v. Lycoming County Prison*, No. 3:CV-08-0271, 2008 WL 5220530, at *2 (M.D. Pa. Dec. 12, 2008); *New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc.*, 101 F.3d 1492, 1504 (3d Cir.1996); *see also Snyder v. Pascack Valley Hosp.* 303 F.3d 271, 276 (3d Cir. 2002).  As such, the original complaint no longer performs any function in the case.  *Fuentes v. Lycoming County Prison*, No. 3:CV-08-0271, 2008 WL 5220530, at *2 (M.D. Pa. Dec. 12, 2008); *U.S. ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 516 n.16 (3d Cir. 2007); *see also* 6 Charles Alan Wright, *et al.*, *Federal Practice and Procedure* § 1476 (2d ed. 2008) ("Once an amended pleading is interposed, the original pleading no longer performs any function in the case. . . .").

Here, when SG filed the amended complaint, the amended complaint superseded the original complaint and rendered it of no legal effect.  The question left for the court is whether SG's motion for default judgment is still viable on the basis of the amended complaint.  Although no binding authority exists in the Middle District of Pennsylvania on whether the filing of an amended complaint moots a previous motion for default judgment, other courts have addressed the issue and held that an amended complaint moots a request for default judgment.  *See, e.g.*, *Rock v. Am. Express Travel Related Serv. Co., Inc.*, No. 1:08-CV-0853, 2008 WL 5382340, at *1 (N.D.N.Y. Dec. 17, 2008); *Best W. Int'l., Inc. v. Melbourne Hotel Investors, LLC*, No. CV 06-2276, 2007 WL 2990132, at *1 (D. Ariz. Oct. 10, 2007);  *Dourlain v. U.S.*, No. 5:01CV1251, 2003 WL 22753452, at *2 (N.D.N.Y. Sept. 26, 2003);

*Vanguard Fin. Serv. Corp. v. Johnson*, 736 F. Supp. 832, 835 (N.D. Ill. 1990); *Haamid v. United States*, No. 89-0780, 1990 WL 210610, at *1 (E.D. Pa. Dec. 18, 1990); *Nelson v. Nationwide Mortgage. Corp.*, 659 F. Supp. 611, 615 (D.D.C. 1987). Accordingly, the court will deny SG's motion for default judgment as moot because the original complaint upon which the motion for default judgment relied no longer exists. Consequently, the court will deny SG's motion for default judgment.

### B.   Coleman's Motion to Set Aside Entry of Default

Coleman moves to set aside the clerk's entry of default. The entry of default was filed on account of Coleman's failure to respond to the original complaint; however, for the reason stated above, the original complaint no longer exists. Consequently, the court will grant Coleman's motion to set aside entry of default.

### IV.   Conclusion

For the foregoing reasons, SG's motion for default judgment (Doc. 8) will be denied and Coleman's motion to set aside entry of default (Doc. 18) will be granted. An appropriate order will issue.

    s/Sylvia H. Rambo  
    United States District Judge

Dated: March 5, 2009.

4

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | No. 1:08-CV-01728 |
| **on behalf of and for the use of** | : | |
| **SIMPLEXGRINNELL, LP,** | : | **JUDGE SYLVIA H. RAMBO** |
| | : | |
| **Plaintiffs** | : | |
| **v.** | : | |
| | : | |
| **AEGIS INSURANCE COMPANY,** | : | |
| **and COLEMAN CONSTRUCTION** | : | |
| **COMPANY, INC.,** | : | |
| | : | |
| **Defendant** | : | |

# O R D E R

In accordance with the foregoing discussion, **IT IS HEREBY ORDERED THAT**:

1) SG's motion for default judgment (Doc. 8) is **DENIED AS MOOT**;

2) Defendant Coleman's motion to set aside entry of default (Doc. 18) is **GRANTED**. The Clerk of Court is directed to set aside the entry of default.

3) SG's motion for leave to file supplemental briefing (Doc. 28) is **DENIED**.

                                                             s/Sylvia H. Rambo
                                                         United States District Judge

Dated:  March 5, 2009.